## RAINES VS. DOOLEY.

A plea of partial failure of consideration of a note given on the sale of property, based upon misrepresentation, must deny that the representations were according to the facts; and if unsoundness in the property sold be alleged, the plea must show that the representations as to soundness were such as in law to constitute a warranty, or were known to the vendor to be false.

### *Appeal from Lafayette Circuit Court.*

Hon. LEN B. GREEN, Circuit Judge.

GALLAGHER, for appellant.

GARLAND & RANDOLPH, for appellee.

Mr. Justice FAIRCHILD delivered the opinion of the court.

In application of the doctrine of recoupment of a note, under seal, on which this suit was brought by Dooley, Raines pleaded as a partial failure of consideration, that the note was given for horses and hogs, that the hogs were sold at three dollars a head, the number of them being one hundred ; that Dooley represented that they were running in a certain range in Long Prairie, in Lafayette county; that Raines could pen them, and could feed them from his horse, but that Raines had made. diligent and repeated search for the hogs, but could not find but ten, and they of an inferior quality. The plea further stated that of the four horses sold by Dooley to Raines for the note, and which Dooley represented as sound, one, reckoned in the note at one hundred and fifty dollars, was unsound and worthless.

A demurrer to the plea was sustained, and judgment was given for the whole of the note, from which Raines appealed.

The plea sets up no failure of consideration about the hogs. Giving to it the most favorable construction, which is more than the law requires, it does not deny but that the representations of Dooley were according to the facts. Although Raines had not been able to find ninety of the hogs, they may have been in the certain range in Long Prairie; and if found they might have been so gentle as to be penned and to be fed from a horse. The representations were not that Raines could find the hogs, but that they were in the range, and when found could be fed and penned. The plea avers search for the hogs, but not where Dooley indicated their range to be. The plea is clearly bad as to the hogs, and being bad in part is bad as a whole. *Doe dem. Lewis vs. Barksdale*, 2 *Brock.* 445; *Lytle vs. The State*, 19 *Ark.* 660.

But that part of the plea relying upon the worthless horse is faulty in not showing that the representations of Dooley about its soundness were such, as in law, to constitute a warranty, or were known to him to be false, and therefore fraudulent. One or the other of these allegations must have been made by Raines, had he, after payment for the horse, attempted to recover its price from Dooley. *Plant vs. Condit*, 22 *Ark.* And Raines must be held to equal strictness in alleging the same facts by plea. The plea only alleged that Dooley represented the horse to be sound. The representations might amount to a warranty, if made under certain contingencies of time and quality, but all representations are not warranties. The plea should not have left the legal effect of the representations in doubt, and to be determined by the evidence. That is not the effect of a good plea. The judgment of the circuit court is affirmed.